IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY L. HELFRICH, | ) |
| Plaintiff, | ) ) ) |
| -vs- | ) ) Civil Action No.  19-382 |
| ANDREW M. SAUL,[1] COMMISSIONER OF SOCIAL SECURITY, | ) ) ) |
| Defendant. | ) ) |

AMBROSE, Senior District Judge

## OPINION

Pending before the Court are Cross-Motions for Summary Judgment. (ECF Nos. 8 and 10).  Both parties have filed Briefs in Support of their Motions. (ECF Nos. 9 and 13).   After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion (ECF No. 8) and granting Defendant's Motion for Summary Judgment. (ECF No. 10).

## I. BACKGROUND

Plaintiff brought this action for review of the final decision of the Commissioner of Social Security denying her application for disability insurance benefits pursuant to the Social Security Act.   Administrative Law Judge ("ALJ"), John A. Pottinger, held a video hearing on April 6, 2018. (ECF No. 7-2, pp. 29-62).   On May 29, 2018, the ALJ found that Plaintiff was not disabled under the Act.   (ECF No. 8-2, pp. 14-27).

After exhausting all administrative remedies thereafter, Plaintiff filed this action.   The parties have filed Cross-Motions for Summary Judgment. (ECF Nos. 8 and 10).   The issues are now ripe for review.

---

[1] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.

## II. LEGAL ANALYSIS

### A. Standard of Review

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. *Allen v. Bowen,* 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate." *Ventura v. Shalala,* 55 F.3d 900, 901 (3d Cir. 1995), *quoting Richardson v. Perales,* 402 U.S. 389, 401 (1971). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. §405(g); *Dobrowolsky v. Califano,* 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. *Palmer v. Apfel,* 995 F.Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. *See,* 5 U.S.C. §706.

To be eligible for social security benefits, the plaintiff must demonstrate that he cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. §423(d)(1)(A); *Brewster v. Heckler,* 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. §404.1520(a). The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment,

2

whether it meets or equals the criteria listed in 20 C.F.R., pt. 404, subpt. P., appx. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent him from performing his past relevant work; and (5) if the claimant is incapable of performing his past relevant work, whether he can perform any other work which exists in the national economy, in light of his age, education, work experience and residual functional capacity. 20 C.F.R. §404.1520.  The claimant carries the initial burden of demonstrating by medical evidence that he is unable to return to his previous employment (steps 1-4).  *Dobrowolsky*, 606 F.2d at 406.   Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5).  *Id.*

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing.  *Podedworny v. Harris,* 745 F.2d 210, 221 (3d Cir. 1984).

### B.     Weighing of Opinion Evidence

Plaintiff argues that the ALJ failed to properly evaluate the medical opinion evidence of Ms. Maiolo, a certified physician's assistant.  (ECF No. 9, pp. 2-14).   The amount of weight accorded to medical opinions is well-established. Generally, the ALJ will give more weight to the opinion of a source who has examined the claimant than to a non-examining source. 20 C.F.R. § 416.927(c)(1). In addition, the ALJ generally will give more weight to opinions from a treating physician, "since these sources are likely to be the medical professionals most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations, such as consultative examinations or brief hospitalizations." *Id.* §416.927(c)(2).  The opinion of a treating physician need not be viewed uncritically, however.   Rather, only where an ALJ finds that "a treating source's opinion on the

issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," must he give that opinion controlling weight. *Id.* "[T]he more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* § 416.927(c)(4).

If the ALJ finds that "a treating source's opinion on the issue(s) of the nature and severity of [a claimant's] impairment(s) is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence [of] record," he must give that opinion controlling weight. *Id.* Also, "the more consistent an opinion is with the record as a whole, the more weight [the ALJ generally] will give to that opinion." *Id.* §416.927(c)(4).

In the event of conflicting medical evidence, the Court of Appeals for the Third Circuit has explained:

> "A cardinal principle guiding disability determinations is that the ALJ accord treating physicians' reports great weight, especially 'when their opinions reflect expert judgment based on continuing observation of the patient's condition over a prolonged period of time.'" *Morales v. Apfel*, 225 F.3d 310, 317 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 429 (3d Cir. 1999)). However, "where . . . the opinion of a treating physician conflicts with that of a non-treating, non-examining physician, the ALJ may choose whom to credit" and may reject the treating physician's assessment if such rejection is based on contradictory medical evidence. *Id.* Similarly, under 20 C.F.R. § 416.927(d)(2), the opinion of a treating physician is to be given controlling weight only when it is well-supported by medical evidence and is consistent with other evidence in the record.

*Becker v. Comm'r of Social Sec. Admin.*, No. 10-2517, 2010 WL 5078238, at *5 (3d Cir. Dec. 14, 2010). Although the ALJ may choose whom to credit when faced with a conflict, he "cannot reject evidence for no reason or for the wrong reason." *Diaz v. Comm'r of Soc. Security*, 577 F.3d 500, 505 (3d Cir. 2009).

In this case, Plaintiff specifically argues that the ALJ failed to provide "good/specific/supported" reasons for rejecting the opinion of Ms. Maiolo, Plaintiff's treating

4

provider.  (ECF No. 9, p. 6).   In support of the same, Plaintiff first argues that the ALJ never gave any consideration to the fact that Ms. Maiolo is her treating provider.  (ECF No. 9, pp. 6-7).  A review of the record reveals, however, that the ALJ referred to Ms. Maiolo as a "health care provider."  (ECF No. 7-2, p. 24).   Further, a treating source is not automatically entitled to greater weight over that of a non-examining consultant as Plaintiff suggests.   Rather, in accordance with the Regulations, the ALJ is charged with the responsibility of weighing all of the medical opinion evidence in determining whom to credit.  *See,* 20 C.F.R. §§404.1527; 416.927 (Evaluating Opinion Evidence).   As a result, I find no merit to this suggestion.

Plaintiff next suggests that the ALJ failed to consider that Ms. Maiolo specializes in rheumatology.  (ECF No. 9, p. 7).   Again, review of the record reveals that this is not the case. In fact, the ALJ specifically states that "Ms. Maiolo is the claimant's rheumatology provider." (ECF No. 7-2, p. 24). Thus, I find no merit to this suggestion either.

One of the reasons the ALJ gave Ms. Maiolo's opinion little weight was because her treatment notes do not substantiate such limitations.   (ECF No. 7-2, p. 24).   Plaintiff submits that this is impossible since Ms. Maiolo "was obviously aware of the content of her own treatment notes…when she formulated her opinions."  (ECF No. 9, p. 8).   This is an incorrect assertion. Simply put, one does not necessarily follow the other.   Consistency is an important and valid factor to consider when weighing opinion evidence. 20 C.F.R. §404.1527.   The ALJ pointed out that the physical examination of October 17, 2017, demonstrated "no focal motor or sensory deficits, and 5/5 strength in all four extremities (Exhibit 15F/174).   In addition, Ms. Maiolo indicated that while the claimant continues to experience ongoing arthralgias, she also continues to endorse improvement with colchicine use (Exhibit 15F/10).   The undersigned notes that Ms. Ms. Maiolo is the claimant's rheumatology provider, yet cites chronic fatigue, pain and concentration issues secondary to fibromyalgia, not osteoarthritis or rheumatoid arthritis (Exhibit

11F/1)." (ECF No. 7-2, p. 24). Additionally, I note that internal consistency was just one of several factors used by the ALJ in weighing Ms. Maiolo's opinion. I find there is substantial evidence of record to support the ALJ's reasons for assigning Ms. Maiolo's opinion little weight. (ECF No. 7-2, pp. 14-27). Therefore, I find no merit to this argument.

Furthermore, contrary to Plaintiff's assertion otherwise, the ALJ was not obligated to recontact Ms. Maiolo and he did not rely on his lay analysis of the raw medical data. (ECF No. 9, p. 13-14). An ALJ may consider recontacting a treating physician, where the evidence is consistent but there is insufficient evidence to determine whether a claimant is disabled or after weighing the evidence the ALJ cannot reach a conclusion about whether a claimant is disabled, but he is not required to do so. 20 C.F.R. §§404.1520b; 416.920b. I find the ALJ properly weighed the opinion of Ms. Maiolo in accordance with the rules and regulations.

An appropriate order shall follow.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMMY L. HELFRICH, | ) |
| Plaintiff, | ) |
| -vs- | ) Civil Action No.  19-382 |
| ANDREW M. SAUL,[2] COMMISSIONER OF SOCIAL SECURITY, | ) |
| Defendant. | ) |

AMBROSE, Senior District Judge

**ORDER OF COURT**

THEREFORE, this 7th day of May, 2020, it is ordered that Plaintiff's Motions for Summary Judgment (ECF No. 8) is denied and Defendant's Motion for Summary Judgment (ECF No. 10) is granted.

BY THE COURT:

s/   Donetta W. Ambrose
Donetta W. Ambrose
United States Senior District Judge

---

[2] Andrew M. Saul was sworn in as Commissioner of Social Security on June 18, 2019, replacing Acting Commissioner, Nancy A. Berryhill.